IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | No.   14 C 4278 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| | ) | |
| LINDSAY JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff JP Morgan Chase Bank brought this foreclosure action against defendant Lindsay Jenkins, the mortgagor of certain residential property. Defendant has filed the instant motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), arguing that plaintiff has not established that it owns the note it seeks to foreclose and that defendant was improperly served. Prior to filing her reply brief, defendant also filed a motion to stay this case pending response from the Federal Deposit Insurance Corporation ("FDIC") to a Freedom of Information Act ("FOIA") submitted by defendant. For the reasons discussed below, defendant's motion to stay and motion to dismiss are denied.

**BACKGROUND**[1]

Plaintiff's foreclosure complaint is a form complaint, containing the statements and requests called for by 735 ILCS § 5/15-1504. Plaintiff alleges that defendant entered into a mortgage loan with Washington Mutual Bank, FA ("WaMu") on August 19, 2005. The loan was secured by property located at 30 E. Huron Street, Unit #4406, Chicago, Illinois, 60611.

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

Plaintiff alleges that it "is the legal holder of the indebtedness secured by the mortgage being foreclosed herein," and that the mortgage is currently in default "due to the failure of the mortgagor to pay monthly installments . . . through the period [of] January 2008 through the present." The outstanding balance on the loan is currently $208,128.28, with interest accruing. As such, plaintiff seeks to foreclose on the property. As required by 735 ILCS § 5/15-1504(a)(2), a copy of the mortgage and note are attached to the complaint as exhibits A and B.

## DISCUSSION

**I.     Motion to Stay**

Defendant's motion to stay is denied. As discussed below, plaintiff has sufficiently pled and established standing for purposes of the present motion to dismiss, making any response by the FDIC irrelevant. To the extent that defendant receives documents from the FDIC that provide her with a defense to plaintiff's claims, such evidence and arguments would be more properly presented through a motion for summary judgement, following the completion of discovery.

**II.    Motion to Dismiss**[2]

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum, L.P. v. City of Carmel, Indiana,

---

[2] Defendant spends a considerable amount of her reply brief "alerting" the court to an alleged fraud perpetrated by plaintiff and plaintiff's counsel. Defendant alleges that plaintiff defrauded the court by providing her with an incomplete "wet ink" version of the mortgage and note during the parties' December 18, 2014, status hearing. Defendant appears to be arguing that the documents are fraudulent because they are missing pages. This is not fraud, but at most a mistake, nor is it a proper ground upon which to dismiss the action.

361 F.3d 998, 1001 (7th Cir. 2004) (Rule 12(b)(1)); Cardenas v. City of Chicago, No. 08-C-3174, 2010 WL 610621, at *2 (N.D. Ill. Feb. 15, 2010) aff'd, 646 F.3d 1001 (7th Cir. 2011) (Rule 12(b)(2) and (5)); Walker, 51 F.3d at 717 (12(b)(6)).

A.   Rule 12(b)(1)

Defendant argues that plaintiff's lawsuit should be dismissed because plaintiff has not demonstrated that it has standing to foreclose defendant's mortgage. Fed. R. Civ. P. 12(b)(1) permits a defendant to move for dismissal of a claim where there is a lack of subject matter jurisdiction, including a lack of standing. See Retired Police Ass'n v. City of Chicago, 76 F.3d 856, 862 (7th Cir. 1996). The plaintiff bears the burden of establishing that the elements necessary for jurisdiction have been met. Scanlan v. Eisenberg, 669 F.3d 838, 841-42 (7th Cir. 2012). "In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction." Mutter v. Madigan, No. 13-CV-8580, 2014 WL 562017, at *2 (N.D. Ill. Feb. 13, 2014); see also Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995).

The question of standing is jurisdictional in nature, and there are both constitutional and prudential limitations on the jurisdiction of federal courts. HSBC Bank USA, N.A. v. Hardman, No. 12-C-00481, 2013 WL 515432, at *2 (N.D. Ill. Feb. 12, 2013). To establish Article III standing, "plaintiff must show: (1) injury in fact, meaning an invasion of a legally protectable interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a casual connection between the injury and the conduct complained of such that the injury is fairly traceable to defendant's actions; and (3) that a favorable decision is likely to redress the injury." Tobin for Governor v. Ill. State Bd. of Elections, 268 F.3d 517, 527-28 (7th

Cir. 2001). "Prudential standing requires plaintiffs to assert their own legal rights and interests, and not rest their claims on the legal rights or interests of third parties." Hardman, 2013 WL 515432 at *2.

Plaintiff has established the requirements for both constitutional and prudential standing. The complaint alleges that plaintiff is the legal holder of the note; that the mortgage is in default; that defendant's failure to make monthly payments caused the default; and that a judgment of foreclosure would redress the default. These allegations are sufficient to establish constitutional standing. See Hardman, 2013 WL 515432 at *2 (finding that plaintiff bank satisfied constitutional standing requirements where complaint made identical allegations).

As in Hardman, defendant challenges, as a factual matter, plaintiff's status as the real party in interest to bring the present foreclosure action. Id. at 3. Defendant argues that plaintiff has not established that it is the true owner of the note, and therefore cannot foreclose on the mortgage. According to defendant, "[u]nless and until the Court has evidence before it to actually document a paper trail for the transfer of ownership specifically referencing the loan in question, the court lacks any evidence to support the invocation of either federal or state jurisdiction against defendant."

Plaintiff alleges that it is the holder of the note because it is in possession of the note, which is indorsed in blank. The court agrees. Under the Illinois Uniform Commercial Code ("IL–UCC"), the "holder" has the right to enforce an instrument. 810 ILCS 5/3–301.[3] The IL–UCC defines a holder as "the person in possession of a negotiable instrument that is payable

---

[3] The parties assume that Illinois law applies, and in this case where diversity jurisdiction is invoked, the court will join in that assumption. Gould v. Artisoft, Inc., 1 F.3d 544, 549 n.7 (7th Cir.1993).

4

either to bearer or to an identified person that is the person in possession." 810 ILCS 5/1–201(21). A negotiable instrument may be transferred to another party by delivery to another "for the purpose of giving ... the right to enforce the instrument." 810 ILCS 5/3–203(a). An instrument may contain a special indorsement that "identifies [the] person to whom" it is payable; alternatively, it may contain a "blank indorsement," which renders it "payable to bearer" and negotiable "by transfer of possession alone." 810 ILCS 5/3–205(a)–(b). In an Illinois foreclosure action, "the mere attachment of a note to a complaint is *prima facie* evidence that plaintiff owns the note." Rosestone Invs., LLC v. Garner, 2 N.E.3d 532, 540 (Ill. App. Ct. 2013) (emphasis included); see also Citibank, N.A. v. Wilbern, No. 12-C-755, 2014 WL 1292374, at *6 (N.D. Ill. Mar. 28, 2014).

In the present case, plaintiff attached a copy of the note to the complaint, as exhibit B. The copy is presumed to be "true and correct," and thus constitutes prima facie evidence of plaintiff's possession and ownership. Wilbern, 2014 WL 1292374 at *6. Because the note does not identify a person to whom it is payable, it is payable to bearer, in this case, plaintiff. As such, plaintiff has presented prima facie evidence that it is "holder" of the note. Plaintiff has also tendered additional documents establishing its ownership. Exhibit 2, an FDIC Affidavit, exhibit 3, the Purchasing and Assumption Agreement between the FDIC and plaintiff, and exhibit 8, an Assignment of the Mortgage, all establish that the FDIC, as receiver of WaMu, transferred ownership of "all loans and all loan commitments of Washington Mutual," including defendant's loan, to plaintiff on September 25, 2008.

Defendant challenges plaintiff's ownership of the note based on an October 10, 2008, letter plaintiff sent defendant, stating that it had "acquired assets of Washington Mutual Bank

5

from the FDIC, including the right to service your loan." Defendant argues that contrary to plaintiff's contentions, WaMu did not transfer ownership of the loan to plaintiff, but instead transferred ownership to a third-party shortly after defendant received the loan in 2005. Defendant contends that the 2008 letter indicates that the third-party subsequently transferred the servicing rights of the loan back to WaMu, and WaMu thereafter transferred the servicing rights to plaintiff. According to defendant, a servicer of a loan can file a lawsuit foreclosing a mortgage only if it discloses "the relationship of the servicer to the actual owner of the financial instruments, and show[s] that the serving relationship allows the servicer/agent to file lawsuits on behalf of an undisclosed . . . principal."

The 2008 letter defendant relies on is not a sufficient basis to challenge plaintiff's prudential standing. Because Illinois law allows a holder of the instrument to enforce that instrument "even though the person is not the owner of the instrument," defendant's argument fails even if plaintiff is not the owner of the note. 810 ILCS 5/3-301; see also Mortgage Elec. Registration Sys., Inc. v. Barnes, 940 N.E.2d 118, 124 (Ill. App. Ct. 2010) ("Illinois does not require that a foreclosure be filed by the owner of the note and mortgage."). Moreover, 735 ILCS § 5/15-1504(a)(3)(N) provides that the legal holder of the indebtedness, a pledgee, an agent, or a trustee may file for foreclosure. 735 ILCS § 5/15-1504(a)(3)(N) does not, as defendant asserts, require a servicer to "disclos[e] the relationship of the servicer to the actual owner of the financial instruments, and show[] that the serving relationship allows the servicer/agent to file lawsuits on behalf of an undisclosed . . . principal." Accordingly, under Illinois law, plaintiff has standing to pursue this action, even assuming that it is not the true owner of the note.

Because plaintiff has established the requirements for both constitutional and prudential standing, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is denied.[4]

**B.      Rules 12(b)(2) and (5)**

A motion to dismiss pursuant to Rule 12(b)(5) asks the court to determine whether service of process on the defendant was sufficient.  See Fed. R. Civ. P. 12(b)(5).  "'When the sufficiency of service is challenged, plaintiff bears the burden of making a prima facie showing that service was properly effected and that personal jurisdiction exists.'"  Cardenas, 2010 WL 610621 at *2, quoting Trotter v. Oppenheimer & Co. Inc., No. 96-C-1230, 1997 WL 102531, at *2 (N.D. Ill. Mar. 4, 1997).  Where there has been insufficient service of process, the court does not have personal jurisdiction over the defendant.  Thus, motions pursuant to Rule 12(b)(5) and 12(b)(2) are interrelated and the standards are the same for both motions.  Cardenas, 2010 WL 610621 at *2.  When considering either motion, the court may take into account affidavits and other documentary evidence.  Id.

Defendant argues that she was improperly served under Illinois law, and therefore the court does not have personal jurisdiction over her.  Defendant contends that service was insufficient because plaintiff served her by publication when she could have been personally served at the property at issue or at her residence in New York.  Plaintiff argues that it attempted to personally serve defendant at both properties, as well as at two Florida properties, but was told

---

[4] To the extent that defendant is challenging the assignment of her loan to plaintiff, the court rejects this argument because defendant is a third-party to the assignment, and therefore does not have standing to attack it.  Bank of Am. Nat'l Ass'n v. Bassman FBT, LLC, 981 N.E.2d 1, 7 (Ill. App. Ct. 2012) (holding that a third-party borrower can only raise a defense to an assignment that would render the assignment void, meaning it violates the law or public policy or lacks the requirements for contract formation, not merely voidable).

7

that defendant no longer resided at the properties. As such, plaintiff requested that the Clerk of the Circuit Court of Cook County serve defendant by publication, a request that was granted by the Circuit Court.[5]

In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made. Allen v. Ferguson, 791 F.2d 611, 616 n.8 (7th Cir. 1986). Pursuant to 735 ILCS § 5/2-206(a), the clerk of the court will order service by publication "[w]henever, in any action affecting property or status within the jurisdiction of the court . . . plaintiff or his or her attorney shall file . . . an affidavit showing that the defendant . . . on due inquiry cannot be found . . . so that process cannot be served upon him or her . . . ." Cook County Circuit Court Rule 7.3 elaborates on the requirements for service by publication, stating that "due inquiry shall be made to find the defendant(s) prior to service of summons by publication." While "due inquiry" is not defined, "in mortgage foreclosure cases, all affidavits for service of summons by publication must be accompanied by a sworn affidavit by the individual(s) making such 'due inquiry' setting forth with particularity the action taken to demonstrate an honest and well directed effort to ascertain the whereabouts of the defendant(s)." Cook Co. Cir. Ct. R. 7.3.

Plaintiff complied with the applicable requirements under Illinois law for serving defendant by publication. Plaintiff submitted six affidavits, attached to plaintiff's response brief as exhibit 9, to the Circuit Court of Cook County, Illinois, Chancery Division, attesting to the fact that plaintiff was unable to personally serve defendant. In line with Cook Co. Cir. Ct. R.

---

[5] This occurred prior to defendant's removal of this action from the Circuit Court of Cook County to this court.

7.3, plaintiff submitted an affidavit from each of the process servers who sought to serve defendant, stating the time, date, and address at which service was attempted. According to the affidavits, each of the respective process servers were informed that defendant did not reside at the properties. All of the affidavits are signed and notarized. The court wholly rejects plaintiff's unsupported and self-serving allegations that plaintiff's affidavits are false. Instead, plaintiff's affidavits serve the purpose of the Circuit Court rules, ensuring "that the court relies only on sworn statements of persons who actually attempt to find and serve the defendant before permitting service of process by publication," Deutsche Bank Nat. Trust Co. v. Brewer, 974 N.E.2d 224, 228 (Ill. App. Ct. 2012), thereby making plaintiff's service by publication proper under Illinois law. Consequently, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (5) is denied.

**C.     Rule 12(b)(6)**

While the title of defendant's motion identifies Fed. R. Civ. P. 12(b)(6) as a grounds for dismissing plaintiff's action, defendant's motion does not present any arguments specific to why plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

## CONCLUSION

For the reasons set forth above, defendant's motion to stay and motion to dismiss are denied. All other pending motions are denied as moot. Defendant is ordered to answer plaintiff's complaint by March 20, 2015. This matter is set for status on April 16, 2015, at 9:00 a.m.

**ENTER:**     February 12, 2015

_____
**Robert W. Gettleman**
**United States District Judge**

9