IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) Case No. 14 C 4278 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| LINDSAY JENKINS; 30 EAST HURON | ) |
| CONDOMINIUM ASSOCIATION; | ) |
| NONRECORD CLAIMANTS; UNKNOWN | ) |
| OWNERS; and UNKNOWN OCCUPANTS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff JP Morgan Chase Bank brought this foreclosure action against defendant Lindsay Jenkins, the mortgagor of certain residential property. Plaintiff filed the instant motion (doc. 90) for summary judgment pursuant to Fed. R. Civ. P. 56, contending that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Plaintiff also filed a motion (doc. 100) to appoint a special commissioner in the event that its motion for summary judgment is granted. In addition, plaintiff filed a motion (doc. 101) for default judgment and a motion (doc. 102) for entry of a judgment of foreclosure and sale as to defendants 30 East Huron Condominium Association, Unknown and Non-Record Claimants, and Unknown Occupants. Defendant subsequently filed a motion (doc. 111) to strike plaintiff's motion for summary judgment, a Fed. R. Civ. P. 56(d) affidavit (doc. 109), and a second motion (doc. 116) to dismiss.

For the reasons discussed below, the court grants plaintiff's motions for summary judgment and to appoint a special commissioner and denies defendant's motion to strike and dismiss. In light of the fact that the remaining defendants have not answered the complaint, the court also grants plaintiff's motion for default judgment.

**I.    Local Rule 56.1 Statements**

Ordinarily, the court relies on the parties' Local Rule 56.1 statements and responses to summarize the undisputed facts before the court.  However, neither defendant's responses to plaintiff's 56.1 statements nor her "counterstatement" comply with the court's local rule.  As an initial matter, defendant's responses do not contain "a concise summary of the paragraph to which it is directed," as required by L.R. 56.1(b)(3)(a).

More importantly, defendant's denials are not supported by "specific references" to admissible evidence.  L.R. 56.1(b)(3)(b); see also McGuire v. United Parcel Serv., 152 F.3d 673, 675 (7th Cir. 1998) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission.").  For example, defendant denies, without any citation to supporting evidence, that she has defaulted on her monthly mortgage payments.  Defendant's sporadic references to her "counterstatement" and the "attached exhibit" do not qualify as specific references to supporting materials.  See Richards v. Combined Ins. Co. of America, 55 F.3d 247, 251 (7th Cir. 1995) ("It is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.").[1]  As such, the court deems each of plaintiff's material facts undisputed.

Defendant's counterstatement, traditionally known as a statement of additional facts, does not fare any better.  As plaintiff points out, most of defendant's additional statements of fact are not facts at all, but arguments and legal conclusions.  See Warner Bros. Entm't, Inc. v.

---

[1] Even if these references were sufficient to support defendant's denials, as discussed below, the exhibit defendant relies on is not admissible to oppose summary judgment.

Synergex Corp., No. 12-C-8483, 2014 WL 518085, at *1 (N.D. Ill. Feb. 10, 2014) ("[T]he purpose of Local Rule 56.1 statements and responses is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments."). The court, therefore, will not consider these additional statements.

The only material defendant cites in support of her denials of plaintiff's 56.1 statement of facts and counterstatement is a report entitled "Property Securitization Analysis Report" that is authored by Michael Carrigan, who identifies himself as a "Certified Mortgage Securitization Auditor." The report, however, is undated, unsigned, and unsworn, and thus is not admissible to oppose summary judgment. See Wittmer v. Peters, 87 F.3d 916, 917 (7th Cir. 1996) (stating that unsworn statements are not admissible to support or oppose summary judgment); see also Estate of Williams v. Indiana State Police, 26 F. Supp. 3d 824, 837 (S.D. Ind. 2014) ("It is well settled that unsworn statements, including expert reports, are inadmissible to support or oppose summary judgment.").[2] Even if the report was admissible (it is not), as discussed in more detail below, it does not advance defendant's position.

## II.  Background

On August 19, 2005, defendant entered into a mortgage and note with Washington Mutual Bank, FA ("WaMu"), secured by property located at 30 E. Huron Street #4406, Chicago, Illinois 60611. The note required defendant to make monthly payments beginning on October 1,

---

[2] If the report were signed and sworn, the court would then have to determine the admissibility of the expert pursuant to Fed. R. Civ. P. 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). See Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 704 (7th Cir. 2009) ("To defeat a summary judgment motion . . . a party may rely only on admissible evidence . . . . [a] rule [that] applies with equal vigor to expert testimony.")

3

2005. Defendant also agreed, as a part of the note, to pay taxes, insurance and any other escrow items that applied. The note was endorsed in blank by WaMu.

Defendant defaulted on her monthly mortgage payments under the terms of the note and mortgage by failing to pay the monthly mortgage payments as they became due beginning in January 2008. Pursuant to a Purchase and Assumption Agreement between the Federal Deposit Insurance Corporation ("FDIC") and plaintiff, plaintiff became the owner of all the loans and loan commitments of WaMu, including defendant's mortgage loan, on September 25, 2008. As of January 6, 2016, the outstanding amount due on the loan, excluding attorney fees and costs associated with the foreclosure and litigation in this case, was $294,484.44.

### III. Defendant's Motions

As discussed above, since plaintiff moved for summary judgment, defendant has filed a motion to strike plaintiff's motion for summary judgment, a Rule 56(d) affidavit, and a second motion to dismiss. The court denies both motions and, in its discretion, declines to exercise its powers pursuant to Rule 56(d)(1) or (2).

Defendant argues that the court should strike plaintiff's motion for summary judgment for failure to comply with Local Rule 56.2. Defendant, however, does not articulate how plaintiff has failed to comply with the rule. Local Rule 56.2 requires a party moving for summary judgment against a pro se litigant to "serve and file as a separate document, together with the papers in support of the motion, a 'notice to pro se litigant opposing motion for summary judgment' in the form indicated" by the rule. A review of plaintiff's motion makes clear that plaintiff did in fact comply with Local Rule 56.2. As required by the rule, plaintiff

4

filed the required notice as a separate document, together, as an exhibit, to it motion for summary judgment. (Doc. 90.) Accordingly, defendant's motion to strike is denied.[3]

The court, likewise, rejects defendant's Rule 56(d) affidavit. The court has, in the past, denied defendant's request for discovery as seeking information about alleged defenses that have been repeatedly rejected as not viable. The relevant issues before the court are whether defendant had a mortgage, failed to make the required payments pursuant to the terms of the mortgage, and thus defaulted. See, e.g., Bank of New York Mellon v. Ontiveros, No. 12-CV-3896, 2014 WL 114129, at *4 (N.D. Ill. Jan. 13, 2014). Defendant's discovery requests throughout this litigation, however, have not sought information relevant to this inquiry. As the court held in its February 12, 2015, Memorandum Opinion and Order, plaintiff, as holder of the note, has the right to enforce the note regardless of its ownership status. JP Morgan Chase Bank v. Jenkins, No. 14-C-4278, 2015 WL 603855, at *2-3 (N.D. Ill. Feb. 12, 2015). Although defendant does not identify in her affidavit what evidence she now seeks to discover, the court assumes from her response brief and second motion to dismiss that she continues to seek evidence that is not relevant to opposing plaintiff's motion for summary judgment.

---

[3] Defendant's complaint about this fanciful violation of the court's local rule is puzzling in light of the fact that she is a seasoned pro se litigant who is likely very familiar with summary judgment procedures in federal court. See, e.g., Jenkins v. Holder, 949 F.Supp.2d 262, 263-64 (D.D.C. 2013) (detailing defendant's extensive litigation history in federal court). In addition, the court is concerned that some of the allegations defendant has made during the course of this litigation are similar to conduct that has previously contributed to other federal courts sanctioning and even permanently enjoining defendant from initiating litigation. See id.; see also Jenkins v. Eaton, No. 08-CV-713, 2010 WL 3861050, at *2, 7 (E.D. N.Y. Aug. 25, 2010) (noting that defendant had accused the court of bias and had previously accused another federal judge of being a "dangerous sexual predator").

Defendant has also once again filed a motion seeking to dismiss the foreclosure complaint, arguing that the action is a fraud and that plaintiff is not the true owner of the note. Even if the court were to accept defendant's position that plaintiff does not own the note, plaintiff holds the note, and thus has standing to enforce it. See 810 ILCS 5/3-301 (providing that the "holder" has the right to enforce the instrument); see also Mortgage Elec. Registration Sys., Inc. v. Barnes, 940 N.E.2d 118, 124 (Ill. App. Ct. 2010) ("Illinois does not require that a foreclosure be filed by the owner of the note and mortgage."). Because the court has already rejected the arguments defendant relies on in her second motion to dismiss, the motion is denied.

## IV.     Plaintiff's Motion for Summary Judgement

A movant is entitled to summary judgment pursuant to Fed. R. Civ. P. 56 when the moving papers and affidavits show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c); Becker v. Tenenbaum–Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See Green v. Carlson, 826 F.2d 647, 651 (7th Cir. 1987).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must, however, "do more than simply show that there is some

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

This matter is before the court pursuant to the court's diversity jurisdiction. See 28 U.S.C. § 1332. In diversity cases, the court applies federal procedural law and state substantive law, e.g., Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co., 611 F.3d 339, 345 (7th Cir. 2010), employing the choice-of-law principles utilized by the forum state, see United States Textiles, Inc. v. Anheuser–Busch Cos., Inc., 911 F.2d 1261, 1269 (7th Cir. 1990). Here, paragraph 16 of the mortgage states that "[t]his Security Instrument shall be governed by . . . the law of the jurisdiction in which the Property is located." Because this provision governs and the property at issue is located in Illinois, the court will apply Illinois law.

In compliance with Illinois law, plaintiff attached a copy of the mortgage as Exhibit A, and a copy of the promissory note as Exhibit B, to its complaint. 735 Ill. Comp. Stat. 5/15-1504(a)(2). Under Illinois law, the mere attachment of the note to the complaint is prima facie evidence that plaintiff owns the note. See Rosestone Invs., LLC v. Garner, 2 N.E.3d 532, 540 (Ill. App. Ct. 2013); see also Citibank, N.A. v. Wilbern, No. 12-C-755, 2014 WL 1292374, at *6 (N.D. Ill. Mar. 28, 2014). However, were plaintiff not the note owner, as discussed numerous times before, Illinois law gives the holder of a note endorsed in blank the right to enforce it. Garner, 2 N.E.2d at 540; Wilbern, 2014 WL 1292374 at *6. Accordingly, even if defendant's securitization report were admissible evidence, which it is not, the fact that plaintiff may not own the note has no bearing on whether plaintiff is entitled to a judgment of foreclosure.

7

Defendant has not offered any evidence to contradict the material facts that she entered into a mortgage with WaMu, that the note required her to make monthly payments, and that she has failed to make any payments on the note since January 2008. As such, "the factual record before the Court demonstrates that there are no genuine issues of material fact with respect to any elements of Plaintiff's foreclosure claim; namely, that: (1) defendant[] had a mortgage; (2) [she] failed to pay; and (3) [she] defaulted." Ontiveros, 2014 WL 114129 at *4. Because plaintiff has established that defendant executed a promissory note of which plaintiff is the current holder, and defendant has no viable defense to foreclosure, plaintiff is entitled to judgment as a matter of law. See Wells Fargo Bank, N.A. v. Morgan, No. 12-CV-4797, 2013 WL 3670243, at *2 (N.D. Ill. July 12, 2013) ("To recover on a promissory note under Illinois law, a plaintiff must show that (1) a defendant executed the promissory note; (2) the plaintiff is the holder of the note; and (3) the defendant has no viable defense." (Internal quotations omitted)).

## V. Conclusion

For the foregoing reasons, the court grants plaintiff's motion (doc. 90) for summary judgment. The court also grants plaintiff's motion (doc. 100) to appoint a special commissioner and motions for default judgment (doc. 101) and entry of a judgment of foreclosure and sale (doc. 102) as to defendants 30 East Huron Condominium Association, Unknown and Non-Record Claimants, and Unknown Occupants. The court denies defendant's motion (doc. 111) to strike plaintiff's motion for summary judgment and second motion (doc. 116) to dismiss.

Plaintiff is directed to file a proposed final judgment order of foreclosure with the court conforming to this opinion on or before September 2, 2016, for presentation on September 8, 2016, at 9:15 a.m.

**ENTER:	August 18, 2016**

_____
**Robert W. Gettleman
United States District Judge**